UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE FAMILY COURT IN MUĞLA, TURKEY IN THE MATTER OF ÖZGUR ERSAN V. DENIZ TEKIN ERSAN / | D. Kan. CASE NO.:   21-00211<br><br>REF No.:   2019/453<br><br>FOREIGN REF NO:  189-25-21-30 |

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

Now comes the United States of America, by its counsel, Duston J. Slinkard, Assistant United States Attorney for the District of Kansas, and Christopher Allman and Steven W. Brookreson, II, Assistant United States Attorneys, and submits this Memorandum of Law in support of the *Ex Parte* Application for Order,[1] pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from judicial authorities in the Family Court of Muğla, Turkey for international judicial assistance to obtain certain testimony from Shane Robert Cooney.

### INTRODUCTION

The request for international judicial assistance comes from the Family Court of Muğla,

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."). *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.* Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

Turkey. Specifically, the Court has issued a Letter of Request requesting judicial assistance to obtain testimony for use in the case captioned *Özgur Ersan v. Deniz Tekin Ersan*, Ref No.: 2019/453, Foreign Reference Number 189-25-21-30. *See* Declaration of Assistant United States Attorney Steven W. Brookreson, Attachment 1 [hereinafter Brookreson Decl.] (Letter of Request dated March 9, 2021)

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Family Court of Muğla, Turkey is adjudicating a divorce between Özgur Ersan and Deniz Tekin Ersan. In order to make its determination, the Court is requesting information regarding Shane Robert Cooney's knowledge of the Ersans' conduct.

The Family Court of Muğla, Turkey's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter HCCH 1970 Evidence Convention].

The request was then transmitted to the U.S. Attorney's Office for the District of Kansas for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

### ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION

1. The United States Department of Justice, Office of International Judicial Assistance, sent three packages to the witness requesting his willing cooperation in this matter, dated April 5, 2021, May 5, 2021, and June 2, 2021 respectively. The packages contained an "Execution Affidavit of Letter of Request" setting forth the mere six questions the Family Court of Muğla, Turkey requests Shane Robert Cooney to provide answers. The government posits that answering the questions in the forms provided would have caused Shane Robert Cooney little

inconvenience. All three packages were delivered and signed for by S. Cooney or S.hne. *See* Brookreson Decl., Exhibits 2-4.

2. In addition to these efforts, the United States Attorney's Office for the District of Kansas sent the witness a letter by US Postal Certified Mail on July 8, 2020, which was successfully delivered on July 12, 2021 offering a final opportunity to willingly cooperate with the foreign request for evidence. *See* Brookreson Decl., Exhibit 6.

To date, Shane Robert Cooney has not provided responses to the interrogatories despite being provided ample opportunity to do so voluntarily.

**ARGUMENT**

    **I.    THE HCCH 1970 EVIDENCE CONVENTION**

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." HCCH 1970 Evidence Convention pmbl. The HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the United States and the Republic of Turkey. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited July 12, 2021) (The HCCH 1970 Evidence Convention entered into force in Turkey on October 12, 2004.

Article 10 of the HCCH 1970 Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10. Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000).

### II.  STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining testimony is contained in 28 U.S.C. § 1782. This section states:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order

4

> may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). S*ee also Aerospatiale*, 482 U.S. at 529 (providing a brief history of the HCCH 1970 Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Assistant United States Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory). *See also* <u>In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina</u>, No.

3:19-MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Republic of Turkey Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004). *See also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Shane Robert Cooney "resides or is found in" the District of Kansas because the witness resides in Fort Scott, Kansas. *See* Brookreson Decl., Exhibit 1, at 4. Second, the Letter of Request explains that the testimony is "for use in a proceeding before a foreign tribunal" as such testimony is needed to with respect to "[t]he divorce case between aforementioned parties … before our court." *Id*. Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal." *Schmitz, LLP*, 376 F.3d at 83.

### III.  DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals."

*Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)).  The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65.  "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)).  *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity.").  Here again, each of these discretionary factors weigh in favor of assisting the Family Court of Muğla, Turkey.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").  Shane Robert Cooney is not a party to the proceedings and is not subject to the Family

7

Court of Muğla, Turkey's jurisdiction because he is located in the State of Kansas, United States of America; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Family Court of Muğla, Turkey or the character of the proceedings.  Additionally, this request was initiated by the Family Court of Muğla, Turkey and not by an independent party; therefore, the Family Court of Muğla, Turkey is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527 (discussing a specific application of the second *Intel* factor).

With respect to the third factor, because the requester is the Family Court of Muğla, Turkey, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Turkey's discovery rules or to thwart policies of either the United States or Turkey. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy.").  Therefore, the third *Intel* factor weighs in favor of granting the Family Court of Muğla, Turkey's request for judicial assistance.

And with respect to the fourth factor, the request seeks answers to six interrogatories and therefore would not be unduly intrusive or burdensome. *See, e.g., In re Svitavy*, 748 F. Supp. 2d at 529 (holding that providing a DNA by buccal swab is not unduly burdensome). *See also In re Clerici,* 481 F.3d at 1335 (holding that it was the witness's burden to file a motion to limit discovery, and as he had not done so, the Court was not going to address the scope of the request). Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Family Court of Muğla, Turkey.

## CONCLUSION

Attached to the Declaration of Assistant United States Attorney Steven W. Brookreson, II is the proposed subpoena that this office intends to serve (in substantially similar format) on Shane Robert Cooney should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, the affidavit will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the Family Court of Muğla, Turkey.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Assistant United States Attorney Steven W. Brookreson, II Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Respectfully submitted,

DUSTON J. SLINKARD
Acting United States Attorney


s/ *Steven W. Brookreson, II*
Steven W. Brookreson, II
Assistant United States Attorney
Ks. S. Ct. No. 28106
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
Email: Steven.Brookreson@usdoj.gov

s/ *Christopher Allman*
CHRISTOPHER ALLMAN
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ks. S. Ct. No. 14225
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: Chris.Allman@usdoj.gov

9